SMITH, Senior Judge.
The claimant in this workers’ compensation case appeals an order in which the judge of compensation claims (JCC) found the claimant to have sustained a temporary aggravation of his preexisting varicose vein condition, arguing that the duration of the JCC’s award of temporary total disability (TTD) benefits is not supported by competent substantial evidence (CSE). We agree, and reverse for the reasons stated below.
The evidence presented at the merits hearing in this ease established that the claimant was working for the employer as an assistant boiler operator when a boiler he was working on exploded. As claimant ran to escape the explosion, he struck some pipes with his shins and fell, sustaining numerous burns and bruises. It is undisputed that the claimant suffered from chronic venous insufficiency (varicose veins) in both legs prior to his employment with Seminole Kraft, but that he was asymptomatic from that condition prior to the accident. Claimant continued to work following the accident until February 17, 1993, at which point he could no longer continue due to discomfort in his right leg.
Following the accident, claimant received treatment from his family physician, Dr. Sa-mir Najjar, and from Seminole Kraft’s plant physician, Dr. DePadua. Independent medical examinations (IMEs) were performed by three other physicians, Drs. Puestow, Nunn, and Hartwig.
*262 Dr. Najjar testified by deposition that he first saw the claimant two days after the accident, at which time he diagnosed extensive varicose veins in both legs, worse on the right side, with a hematoma (swelling) and stasis dermatitis (discoloration of the skin) both caused by his injury at work. Dr. Najjar treated the claimant with elastic stockings and an anticoagulant, and advised him to rest and elevate his foot. On June 20, 1992, the claimant went to Humana Hospital emergency room complaining of severe pain in his right lower leg. Dr. Najjar followed up on June 30, 1992, continuing the above regimen and advising the claimant to stay off work. The doctor’s notes indicate that on July 6, 1992 the claimant’s hematoma was smaller, and on August 20,1992, “most of the hematoma had dissolved, but he [had] more and more discoloration under the skin ... some resolution of the hematoma and stasis dermatitis.” On his September 8, 1992 and October 27,1992 visits, the claimant was still complaining of right leg pain, and on January 26, 1993, the claimant’s hematoma had “completely resolved” but the stasis dermatitis “persisted.” Claimant was still complaining of pain on February 23, 1993, and April 13, 1993 visits. At no time did Dr. Najjar feel that claimant should return to work. Najjar stated in his deposition that the claimant had reached MMI as of February 24, 1993, and that he had aggravated a preexisting varicose vein condition as a result of his industrial accident.
Dr. Nunn testified that he performed an IME of the claimant on May 18, 1993 and found chronic venous insufficiency in both lower legs, primarily on the right side. It was Dr. Nunn’s opinion that both the discoloration in claimant’s leg and his pain could have been caused either by the chronic venous insufficiency alone, without any trauma, or by the trauma from the industrial accident. Dr. Nunn stated that claimant needed to wear a support boot for one to three weeks to reduce his swelling, and then be fitted with a proper supportive elastic stocking. Dr. Nunn was of the opinion that the claimant should wear the stocking for a period of about six weeks, at which point “you ought to be able to determine whether the stocking is going to get rid of the pain. I am talking about somewhere between probably six, eight, nine weeks.” Dr. Nunn did not feel that claimant had reached MMI as of the hearing “because he needed some type of control of the venous swelling in his leg.”
Neither Drs. Puestow, Hartwig, or DePa-dua gave testimony of an MMI date. In her final order, the JCC awarded TTD benefits from the date of accident through August 20, 1992. The only justification given in the order for the duration of the award was the judge’s finding that “by August 20, 1992, Dr. Najjar found most of the hematoma had reduced in size.” Although Najjar did give such testimony, he also clearly stated that the claimant did not reach MMI until February 24,1993, and his records indicate that the claimant was still in pain as late as April 13, 1993 and was never released by Dr. Najjar to return to work. Dr. Nunn, who provided the only other testimony of an MMI date, felt that claimant had not yet reached MMI as of the May 1993 merits hearing and that he would not do so until six to nine weeks after being given the proper treatment to reduce swelling in his leg. We therefore conclude that the JCC’s order limiting the award of TTD to August 20, 1992, requires reversal and remand.
For the guidance of the JCC and the parties on remand, we address certain arguments made by appellees on appeal. Appel-lees urge affirmance of the order on appeal, asserting that Dr. Nunn and Dr. Najjar’s testimony regarding MMI was in relation to claimant’s varicose vein condition, whereas the injury the JCC found to have been caused by the industrial accident was the hematoma. Appellees argue that the MMI date with regard to the varicose vein condition is irrelevant, since the JCC ruled that the onset of symptoms of the preexisting varicose vein condition was not due to the industrial accident. Appellees argue that testimony in the record supports the JCC’s conclusion that the hematoma had healed by August 20, 1992, pointing particularly to testimony by Dr. Nunn which, according to appellees, established that it would take only six weeks after the date of the accident for claimant’s injuries to heal. In our view, *263 these arguments must fail in several respects.
First, it is clear from a review of Dr. Nunn’s and Dr. Najjar’s complete testimony that the claimant was being treated for the hematoma, stasis dermatitis and pain, and that these conditions, according to Dr. Naj-jar, were an aggravation of the claimant’s preexisting varicose vein condition. The MMI date assigned by Dr. Najjar clearly goes to all of these conditions and cannot be separated from the hematoma and the dermatitis. Secondly, the JCC did not rule that the onset of symptoms of the preexisting varicose vein condition was not due to the industrial accident, but held that claimant’s preexisting vein condition was temporarily aggravated when he developed a venous stasis ulcer and hematoma as a result of his accident. Even had the JCC found that claimant’s only injury was the hematoma, the August 20, 1992 MMI date would not be supported by evidence in the record since there was no testimony that the claimant reached MMI on that date. Finally, appel-lees’ assertion that Dr. Nunn’s testimony established that the hematoma would heal within six weeks after the date of the accident is not well founded. Dr. Nunn only testified that he ought to be able to determine whether the proper stocking treatment would reduce claimant’s pain and swelling between six and nine weeks after the proper treatment began. Dr. Nunn clearly testified that the claimant had not yet reached MMI as of the date of the hearing, because he had not yet received proper treatment for the swelling.
For the foregoing reasons, the order appealed is REVERSED and the cause is REMANDED. .
ZEHMER, C.J., and BENTON, J., concur.